Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| COOPERATIVA DE AHORRO Y CRÉDITO ROOSEVELT ROADS<br><br>Recurrida<br><br>v.<br><br>ANTONIO TORRES MONTES, SONIA PABÓN GONZÁLEZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Peticionarios | TA2025CE00623 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.:<br>F CD2013-4829 (403)<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de noviembre de 2025.

La parte peticionaria, compuesta por los señores Antonio Torres Montes, Sonia Pabón González y la Sociedad Legal de Gananciales (en conjunto, parte peticionaria), presentó el recurso de *Certiorari* el 15 de octubre de 2025. En el mismo, impugnó la *Resolución*[2] emitida el 16 de septiembre de 2025[3], por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro recurrido). Mediante esta, el foro recurrido declaró *No Ha Lugar* la *Moción de Reconsideración y Solicitud de Paralización de Orden de Embargo de Bienes de Ejecución de Sentencia*[4].

Por los fundamentos que exponemos a continuación, **denegamos** la expedición del auto de *Certiorari*.

---

[1] El recurso de epígrafe fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, con efectividad del 10 de enero de 2022, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior.
[2] Apéndice 2 del recurso de *Certiorari*.
[3] Notificada el 23 de septiembre de 2025.
[4] Apéndice 15 del recurso de *Certiorari*.

**I.**

El 20 de septiembre de 2024[5], el TPI emitió una *Sentencia*[6] en la cual declaró *Ha Lugar* la *Demanda*[7] presentada por la Cooperativa de Ahorro y Crédito Roosevelt Roads (Cooperativa Roosevelt Roads o parte recurrida). En esta, el TPI le ordenó a la parte peticionaria a pagarle a la Cooperativa Roosevelt Roads la cantidad de tres millones trescientos noventa y cuatro mil cuatrocientos ocho dólares y cincuenta y nueve centavos ($3,394,408.59) a los cuales había que descontarle la cantidad de quinientos dieciséis mil ochocientos veinte dólares ($516,820.00) por concepto de cinco (5) certificados de ahorros, más los intereses que estos generaron.

Según lo determinado por el TPI, la cantidad a pagar de tres millones trescientos noventa y cuatro mil cuatrocientos ocho dólares y cincuenta y nueve centavos $3,394,408.59 se compone de la resta de: a) Retiros validados bajo juramento realizados por la parte peticionaria por la cantidad de cuatro millones cuatrocientos trece mil seiscientos dieciocho dólares y cuarenta y nueve centavos ($4,413,618.49); y b) Depósitos validados bajo juramento realizados por la parte peticionaria por la cantidad de un millón diecinueve mil doscientos nueve con noventa centavos ($1,019,209.90).

Inconforme con dicho dictamen, el 25 de octubre de 2024, la parte peticionaria acudió a este foro intermedio apelativo mediante recurso de *Apelación*[8]. En el mismo, solicitó que se revocara la *Sentencia* emitida por el foro recurrido. No obstante, el 9 de enero de 2025[9], este panel emitió una *Sentencia*[10] en la cual confirmó el dictamen recurrido.

---

[5] Notificada el 25 de septiembre de 2024.
[6] Apéndice 3 del recurso de *Certiorari*.
[7] La misma no fue incluida en el recurso de *Certiorari*.
[8] Véase, *Sentencia* del KLAN202400963.
[9] Notificada el 13 de enero de 2024.
[10] Véase, *Sentencia* del KLAN202400963.

Trascurrido algún tiempo, el 23 de mayo de 2025, la parte peticionaria presentó *Moción Solicitando Sentencia Enmendada "Nunc Pro Tunc" al Amparo de la Regla 49.1 de las Procedimiento Civil para Corregir un Error de Forma*[11]. En síntesis, solicitó enmendar la cantidad de tres millones trescientos noventa y cuatro mil cuatrocientos ocho dólares y cincuenta y nueve centavos ($3,394,408.59) a los fines de subsanar un error matemático cometido por el TPI, y así, establecer la cantidad correcta adeudada[12]. En el interín, el 18 de agosto de 2025, el TPI emitió una *Orden de Embargo de Bienes en Ejecución de Sentencia*[13] a favor de la parte recurrida. Evaluada la solicitud para enmendar la *Sentencia*, el 19 de agosto de 2025[14], el foro recurrido emitió una *Resolución*[15] en la cual denegó la moción presentada por la parte peticionaria.

Insatisfecha aun, el 2 de septiembre de 2025, la parte peticionaria sometió una *Moción de Reconsideración y Solicitud de Paralización de Orden de Embargo de Bienes en Ejecución de Sentencia*[16]. Así pues, el 16 de septiembre de 2025[17], el TPI dictó *Resolución* mediante la cual declaró *No Ha Lugar* la moción de reconsideración. No conforme, la parte peticionaria presentó el recurso de epígrafe el 15 de octubre de 2025 junto a una *Urgentísima Solicitud de Orden en Auxilio de Jurisdicción debido a un claro y patente error de forma matemático de $872,000.00.*

En el recurso de *Certiorari*, la parte peticionaria le imputó al foro recurrido los siguientes señalamientos de error:

> 1. Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la "Moción Solicitando Sentencia Enmendada *Nunc Pro Tunc* al Amparo de la Regla 49.1 de las de Procedimiento

---

[11] Apéndice 4 del recurso de *Certiorari*.
[12] *Íd.*
[13] Apéndice 17 del recurso de *Certiorari*.
[14] Notificada el 26 de agosto de 2025.
[15] Apéndice 14 del recurso de *Certiorari*.
[16] Apéndice 15 del recurso de *Certiorari*.
[17] Notificada el 23 de septiembre de 2025.

Civil Para Corregir un Error de Forma" presentada por la parte peticionaria.

2. Erró el Tribunal de Primera Instancia al no determinar que la cantidad de $4,413,618.49 por concepto de retiros validados es incorrecta e improcedente, pues la cantidad correcta es $3,591,618.49, lo que claramente constituye un error de forma matemático de $822,000.00 en que no está involucrada la discreción del TPI y no va a la sustancia de la Sentencia dictada el 20 de septiembre de 2024.

3. Erró el Tribunal de Primera Instancia al no determinar que la cantidad de $1,109,209.90 por concepto de depósitos es incorrecta e improcedente, pues la cantidad correcta es $1,069,209.90, lo que claramente constituye un error de forma matemático de $50,000.00 en que no está involucrada la discreción del TPI y no va a la sustancia de la Sentencia dictada el 20 de septiembre de 2024.

4. Erró el Tribunal de Primera Instancia al no determinar que la cantidad de $3,394,408.59 que ordenó pagar a la parte peticionaria es igualmente incorrecta e improcedente, pues la cantidad correcta a pagar, -a base de los depósitos y retiros validados que se incluyen en la Sentencia-, es $2,522,408.59, lo que claramente constituye un error de forma matemático de $872,000.00, en que no está involucrada la discreción del TPI y no va a la sustancia de la Sentencia dictada el 20 de septiembre de 2024.

5. Erró el Tribunal de Primera Instancia al no determinar que, de la cantidad que la parte peticionaria deberá pagar a la parte recurrida, debe descontarse la suma de $37,791.00 que la Sra. Rosa Figueroa Román manifestó haber guardado en una gaveta de su escritorio y que pertenecen a la parte peticionaria. Sobre este asunto, el TPI realizó una determinación de hecho, por lo que no autorizar dicho descuento constituye un error de forma que no involucra la discreción del tribunal y que no afecta la sustancia de la Sentencia dictada el 20 de septiembre de 2024.

6. Erró el Tribunal de Primera Instancia al determinar que la solicitud de la parte peticionaria constituye un ataque colateral a la Sentencia del 20 de septiembre de 2024.

El 17 de octubre de 2025[18], emitimos una *Resolución* en la cual declaramos *No Ha Lugar* la solicitud de paralización de los procedimientos. Asimismo, le concedimos a la parte recurrida hasta el 27 de octubre de 2025 para mostrar causa por la cual no debíamos expedir el auto de *Certiorari* y revocar el dictamen recurrido. En cumplimiento con lo anterior, el 27 de octubre de 2025, la parte recurrida sometió su *Memorando en Oposición a Expedición del Auto de Certiorari Solicitado y en Cumplimiento de*

---

[18] Notificada en igual fecha.

*Orden*. En ésta, argumentó que no procedía expedir el recurso de epígrafe, pues no se cumplían con los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *infra*. De igual manera, arguyó que la parte peticionaria incurrió en incuria, toda vez que, dejó este asunto para la etapa final del caso. Además, señaló que la controversia constituía cosa juzgada, pues ya existía una *Sentencia* final y firme. Por su lado, el 29 de octubre de 2025, la parte peticionaria presentó *Réplica a "Memorando en Oposición a Expedición del Auto de Certiorari Solicitado y en Cumplimiento de Orden"*. Allí, esbozó que, el error matemático señalado no alteraba la sustancia ni los méritos del dictamen, sino que, constituía un error aritmético evidente en las partidas de retiros, depósitos y monto total a pagar, los cuales surgían de la *Sentencia*. Asimismo, adujo que su solicitud no constituía cosa juzgada y que no había incurrido en incuria.

Contando con la comparecencia de ambas partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[19] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[20]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[21]. Esta norma de deferencia

---

[19] 32 LPRA Ap. V, R. 52.1.
[20] 4 LPRA Ap. XXII-B, R. 40.
[21] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).

también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[22].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[23]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión[24].
> [...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de *certiorari*, este Tribunal debe tomar en consideración los siguientes criterios:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

---

[22] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[23] *García v. Padró*, 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992).
[24] 32 LPRA Ap. V, R. 52.1.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

En lo pertinente a este caso, el *certiorari* también es el recurso apropiado para solicitar la revisión de determinaciones postsentencia[25]. A esos efectos, el Tribunal Supremo expresó que:

> Las resoluciones atinentes a asuntos postsentencia no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*. De otra parte, por emitirse este tipo de decisión luego de dictada la sentencia, usualmente tampoco cualifica para el recurso de apelación provisto para dictámenes judiciales finales. Se corre el riesgo, por lo tanto, de que fallos erróneos nunca se vean sujetos a examen judicial simplemente porque ocurren en una etapa tardía en el proceso, tal como lo es la ejecución de sentencia[26].

### III.

De acuerdo con el marco jurídico antes reseñado, la Regla 52.1 de las de Procedimiento Civil, *supra,* nos faculta la revisión de resoluciones dictadas por el TPI, a manera de excepción cuando, entre otras instancias, se recurre de una resolución u orden bajo la

---

[25] *IG Builders et al. v. BBVAPR,* 185 DPR 307, 339 (2012).
[26] *Íd.*

Regla 56[27] de las de Procedimiento Civil. La *Orden de Embargo de Bienes en Ejecución de Sentencia* es una de las excepciones comprendidas por la Regla 52.1 de las de Procedimiento Civil, *supra*. Por ende, la misma es revisable ante este Tribunal de Apelaciones mediante recurso de *Certiorari.*

No obstante, es preciso recalcar que nuestra discreción no se ejerce en el vacío. La Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* establece los criterios para nosotros determinar si debemos ejercer nuestra facultad discrecional revisora.

Así pues, evaluado el recurso de *Certiorari* aquí presentado por la parte peticionaria junto a la *Resolución* recurrida, bajo los parámetros de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* somos del criterio que procede denegar la expedición del auto de *Certiorari.* Colegimos que, en la *Resolución* recurrida no medió prejuicio, parcialidad o error craso y manifiesto por parte del TPI[28]. Lo cierto es que, no está presente ninguno de los criterios de la Regla 40 de nuestro Reglamento, *supra*, que mueva nuestra discreción para intervenir con el dictamen recurrido.

No identificamos que el foro primario haya actuado de manera arbitraria, caprichosamente o que hubiese abusado de su discreción al emitir la resolución recurrida. Tampoco nos encontramos ante una situación que amerite nuestra intervención para evitar un fracaso de la justicia. Por tanto, al amparo de los criterios que guían nuestra discreción, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. En consecuencia, procede denegar la expedición del auto de *Certiorari* solicitado por la parte peticionaria.

---

[27] 32 LPRA Ap. V, R. 56.
[28] Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

**IV.**

De conformidad con los fundamentos antes expresados, ***denegamos*** la expedición del auto de *Certiorari* solicitado.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones